THE CITY OF LOCKPORT, Plaintiff-Appellee, *v.* GEORGE GEUTHER *et al.*, Defendants-Appellants.

(No. 74-96;

Third District—February 21, 1975.

Saxon, Niznik & Peterson, of Plainfield (Samuel Saxon, of counsel), for appellants.

Wenger & Korst, of Lockport (Eugene Korst, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Will County finding defendant George Geuther and others guilty of violating a parking ordinance of the City of Lockport. The judgment was based on nine citations issued by police officers of the City of Lockport. After a bench trial a fine of $10 and costs was levied from which judgment and penalty the defendant has appealed.

In 1970 the City of Lockport enacted an ordinance which in section 5—1103 prohibited parking on the parkways within the City of Lockport. Parkways refer to the areas immediately adjacent to the traveled portion of the street. By section 5—1104 an exception to the prohibition against parking on parkways is granted to those who apply for and secure a permit from the municipal authorities for such parking. Although this section of the ordinance which authorizes the permit does not so indicate, it was apparently the intention to permit such off-street parking if the owner of the adjacent premises would suitably surface and maintain the parkway upon which parking was permitted.

In September, 1971, the appellant applied to the city for a permit so that he and the tenants of his building could park on the parkway in front of his premises. This application was considered by the Lockport City Council and on November 1 the application was approved and the issuance of a permit authorized, and thereafter the permit was issued. According to the city the minutes of the meeting indicate that the appellant was required to improve the parkway with hard surfacing as a condition of the permit. Appellant did not provide for any hard surfacing on the parkway area, although he and his tenants did use the area for parking their cars. As a result, the nine citations or tickets which are the subject of this action were issued to the appellant and some of his tenants.

At the hearing defendant raised several constitutional objections to the ordinance, and on this appeal he has renewed such constitutional objec-

tions. These objections relate primarily to appellant's contention that it was the duty of the city to hard surface the parkway, and further, the section of the ordinance relating to exceptions was so vague and without standards that both the exception and the prohibition were rendered unconstitutional. Appellant also argues that the court erred in finding him guilty of violating the ordinance prohibiting parking on the parkway because a permit to do so had been issued by the City of Lockport pursuant to a provision in the ordinance. Because we believe the resolution of this latter issue is dispositive of this appeal it will be unnecessary to consider or determine the constitutional issues raised by appellant.

■■■ After reviewing and considering section 5—1103, the section which appellant is alleged to have violated, and section 5—1104, the permit section, and their relation to one another, it is our conclusion that where a permit has been issued and is outstanding, parking on the parkway area cannot be deemed a violation of section 5—1103. This section does not purport to deal with conduct which might violate the terms of the permit, and in our opinion the existence of a permit authorized by the ordinance to do that which is otherwise prohibited is a complete defense to any claimed violation.

Recognizing the procedural problem occasioned by the existence of the permit, the city has argued the permit was conditional on resurfacing the parkway area and that in any event the permit was revoked by the issuance of the first citation or ticket. We believe both of these arguments are without merit. It is undisputed the permit was issued under the authority of and with the approval of the city council, and there is no claim made that such permit was void *ab initio* or that it was secured by fraud or other misconduct. This being the case, the permit must be deemed to be in full force and effect until and unless revoked. In this connection it should be noted the ordinances neither make any attempt to specify the conditions which may be attached to a permit nor do they purport to make illegal, in the sense of justifying sanctions, violations of any conditions of permits. We also note there is nothing in the ordinances which would support the claim issuance of a citation or ticket is the revocation of a permit. Indeed, even if such a procedure were authorized by ordinance it would be doubtful whether such a procedure would conform to constitutional standards.

For the foregoing reasons the judgment of the circuit court of Will County is reversed.

Judgment reversed.

ALLOY and DIXON, JJ., concur.